IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 SEP 12 P 4: 51

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:06cv817-WKW |
| ) | |
| CHERYL P. CHARLES, ) | |
| ) | |
| Defendant ) | |

COMPLAINT

The Plaintiff, United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, for cause of action alleges:

1. The United States brings this civil action under the Federal Debt Collection Procedures Act of 1990, Title 28, United States Code, Section 3001(a), and common law.

2. This Court has jurisdiction over this action by virtue of Title 28, United States Code, Section 1345.

3. That the defendant, Cheryl P. Charles, is a resident of the Middle District of Alabama.

4. That the defendant owes plaintiff the total sum of $17,998.07 ($9,071.76 principal, plus interest in the amount of $8,926.31, as of July 18, 2006), plus interest at the rate of 8 percent per annum thereafter until the date of judgment, according to the Certificates of Indebtedness and Promissory Notes attached hereto as Exhibits A through G.

5. Written demand has been made upon defendant for the amount of this claim, but defendant has failed and refused to make payment thereof.

Wherefore, plaintiff demands judgment against defendant in the amount of $17,998.07, plus interest at the rate of 8 percent per annum from and after July 19, 2006, to the date of judgment, and interest at the legal rate from the date of judgment until paid in full, for cost of suit and other proper relief.

DATED this 8th day of September, 2006.

>                                    LEURA G. CANARY
>                                    United States Attorney
>
>                                    By: /s/ R. Randolph Neeley
>                                    R. RANDOLPH NEELEY
>                                    Assistant United States Attorney
>                                    Bar Number: 9083-E56R
>                                    Attorney for Plaintiff
>                                    Post Office Box 197
>                                    Montgomery, AL 36101-0197
>                                    Telephone No.: (334) 223-7280
>                                    Facsimile No.: (334) 223-7418
>                                    E-mail: **rand.neeley@usdoj.gov**

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Cheryl P. Charles
AKA Cheryl P. Hunter
AKA Cheryl T. Johnson
1342 Grier Rd.
Wetumpka, AL. 36092-4151
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 7/18/06.

On or about 8/27/84, 8/27/84, 5/6/85 and 5/6/85, the borrower executed promissory note(s) to secure loan(s) of $1,025.00, $1,025.00, $767.00 and $768.00 from Florida Federal Savings and Loan Assn., St. Petersburg, FL. at 8.00 percent interest per annum. This loan obligation was guaranteed by Florida Department of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 3/9/88, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,345.00 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 CFR 682.410(b)(2), the guarantor charged the borrower interest on the total amount paid to the holder. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 8/5/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $ 5,344.67 |
| Interest: | $ 5,258.98 |
| Administrative/Collection Costs: | $ 0.00 |
| Late Fees: | $ 0.00 |
| Total debt as of 7/18/06: | $10,603.65 |

Interest accrues on the principal shown here at the rate of $1.17 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 8/9/06      Name: Alberto Francisco
                         Title: Loan Analyst / Senior Loan Analyst
                         Branch: Litigation

A

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Cheryl P. Charles
AKA Cheryl P. Hunter
AKA Cheryl T. Johnson
1342 Grier Rd.
Wetumpka, AL. 36092-4151
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 7/18/06.

On or about 7/27/86, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 from Florida Federal S & L, Jacksonville, FL. at 8.00 percent interest per annum. This loan obligation was guaranteed by Florida Department of Education, Office of Student Financial Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 3/9/88, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,727.35 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 CFR 682.410(b)(2), the guarantor charged the borrower interest on the total amount paid to the holder. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 8/5/96, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $3,727.09 |
| Interest: | $3,667.33 |
| Administrative/Collection Costs: | $    0.00 |
| Late Fees: | $    0.00 |
| Total debt as of 7/18/06: | $7,394.42 |

Interest accrues on the principal shown here at the rate of $0.82 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 8/9/06

Name: Alberto Francisco
Title: Loan Analyst / Senior Loan Analyst
Branch: Litigation



| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION KNOTT BUILDING TALLAHASSEE, FLORIDA 32301 | FLORIDA GUARANTEED STUDENT LOAN PROGRAM (20 U.S.C. 1071-1087-2) PROMISSORY NOTE |
|---|---|
| BORROWER'S NAME AND ADDRESS: CHERYL P CHARLES 1403 E HATION ST PENSACOLA FL 32611 | LENDER'S NAME AND ADDRESS: FLORIDA FEDERAL SAVINGS AND LOAN ASSN P. O. BOX 1509 ST. PETERSBURG, FL 33731 |
|  | 08/11/84    GSLP # 204-0023419 |

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | Amount Financed The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. Prepayment: If you pay off early, you |
|---|---|---|
| Prior to repayment    During repayment  2.263 %    8.00 % | $ 930.36 | [ ] may  [X] will not  have to pay a penalty.  [ ] may  [X] will not  be entitled to a refund of part of the finance charge.  See the promissory note for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 930.36         Amount Paid to You

Loan Amount $ 1,025.00 Less: Prepaid Finance Charge $ 94.64 Less: Amount Paid To Others On Your Behalf: $ 1.65 Equals: $ 928.71

Includes:
Insurance Premium    $ 43.39        To: FLORIDA DEPT. OF REVENUE
                                     For: DOCUMENTARY STAMP TAX
Origination Fee      $ 51.25
( 5.0 % of Loan Amount)

### DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE | | AMOUNT FINANCED |
|---|---|---|---|---|---|---|
|  |  |  |  | INSURANCE PREMIUM | ORIGINATION FEE |  |
|  | 09/01/84 | 1,025.00 | 1.65 | 43.39 | 51.25 | 928.71 |

ED-888  5/82

FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF 1.65 HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE. CERTIFICATE OF REGISTRATION #59-0433020-62-01.

### PROMISE TO PAY

CHERYL P CHARLES                 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

I, _____, the borrower, promise to pay to
FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION
_____, the lender, or to a subsequent
(Name of Lender)
holder of this Promissory Note, all of the principal sum of $ 1,025.00 to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of 8.00 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — including attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interest.

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM** If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE** If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed 5.0 percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct from each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to refund to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than 6 months (the "grace period") after I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, during the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply

FSFAC FORM 2 (8/82)                              (OVER)

A. If, during the grace period, I request a shorter repayment period, the lender of [FILED] shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we [illegible] est at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my — or our — GSLP, Auxiliary and PLUS loans.
C. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10, and 15 year periods mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

**PREPAYMENT**   I may, at my option and without penalty, prepay all or any part of [illegible] or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**DEFERMENT**   Payments of principal on my loan will be deferred after the repayment period begins as provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in —
  A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
  B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
  C. A graduate fellowship program approved by the Secretary of Education; or
  D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am —
  A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
  B. Serving as a Peace Corps volunteer;
  C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
  D. Serving as a full-time volunteer for an organization exempt from Federal Income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
  E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**INTEREST**
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES**   If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5.00 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER**   Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. If such a transfer takes place, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable Instrument under the Uniform Commercial Code as adopted by any State, and a new holder of the Promissory Note is not a holder in due course.

**DEFAULT**   If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH**   If I become totally and permanently disabled or if I die, my obligation to pay any amount owed on this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION**   If I default on this loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organizations after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organizations. If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address.
The holder must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the holder may disclose information about the status of this loan to any credit bureau.

**GENERAL**   The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be Interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

| | | | |
|---|---|---|---|
| Cheryl P. Charles | 106 Jennings Hall, Univ. of Florida 32611 | | 8/27/84 |
| SIGNATURE OF BORROWER | ADDRESS | | DATE |

NAME OF CO-SIGNER* (print)                  ADDRESS

SIGNATURE OF CO-SIGNER        DATE        TELEPHONE

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (8/82)

| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION<br>KNOTT BUILDING<br>TALLAHASSEE, FLORIDA 32301 | FLORIDA GUARANTEED STUDENT LOAN PROGRAM<br>(20 U.S.C. 1071-1087-2)<br>PROMISSORY NOTE |
|---|---|
| BORROWER'S NAME AND ADDRESS:<br>CHERYL P CHARLES<br>1403 E HATTON ST<br>PENSACOLA FL<br>32611 | LENDER'S NAME AND ADDRESS:<br>FLORIDA FEDERAL SAVINGS AND LOAN ASSN<br>P. O. BOX<br>ST. PETERSBURG, FL 33731<br><br>GSLP # 204-0023419 |

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate.<br><br>Prior to repayment: 2.385 %<br>During repayment: 8.00 % | Amount Financed<br>The amount of credit provided to you.<br><br>$ 932.91 | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less.<br><br>Prepayment: If you pay off early, you<br>[ ] may  [X] will not  have to pay a penalty.<br>[ ] may  [X] will not  be entitled to a refund of part of the finance charge.<br><br>See the promissory note for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |
|---|---|---|

Itemization of the Amount Financed of $ 932.91      Amount Paid to Yo

Loan Amount $ 1,025.00  Less: Prepaid Finance Charge $ 92.09  Less: Amount Paid To $ 1.65  Equals: $ 931.26
Includes:                                                        Others On Your Behalf:
    Insurance Premium    $ 40.84                                To: FLORIDA DEPT. OF REVENUE
                                                                For: DOCUMENTARY STAMP TAX
    Origination Fee      $ 51.25
    ( 5.0 % of Loan Amount)

### DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE | | AMOUNT FINANCED |
|---|---|---|---|---|---|---|
| | | | | INSURANCE PREMIUM | ORIGINATION FEE | |
| | 12/31/84 | 1,025.00 | 1.65 | 40.84 | 51.25 | 931.26 |

ED-888  5/82

FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF 1.65 HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE. CERTIFICATE OF REGISTRATION #59-0433020-62-01.

PROMISE TO PAY

CHERYL P CHARLES                      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

I, _____, the borrower, promise to pay to

FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION
_____, the lender, or to a subsequent
(Name of Lender)
holder of this Promissory Note, all of the principal sum of $ 1,025.00 to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of 8.00 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — including attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interest.

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**  If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE**  If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed 5.0 percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct from each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to refund to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than _____6_____ months (the "grace period") after I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, during the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

FSFAC FORM 2 (8/82)                              (OVER)

A. If, during the grace period, I request a shorter repayment period, the lender may require a short period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if at the time the repayment period begins, I have outstanding GSLP loans, Auxiliary loans, or PLUS loans and the total amount owing to all holders is $2,000 or less.
C. Any period described under DEFERMENT in this Promissory Note.

3. The particular terms and conditions of repayment that apply to this loan the lender will provide to me before the repayment period begins.

**PREPAYMENT**   I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**DEFERMENT**   Payments of principal on my loan will be deferred, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:

1. While I am enrolled in —
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.

2. For periods not exceeding 3 years for each of the following while I am —
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
   B. Serving as a Peace Corps volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
   D. Serving as a full-time volunteer for an organization exempt from Federal Income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.

3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.

4. For a single period not exceeding one year for conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**INTEREST**

1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.

2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES**   If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5.00 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER**   Under the conditions set forth in the Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender...

**DEFAULT**   If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH**   If I become totally and permanently disabled, or if I die, the amount owed on this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION**   If I default on this loan, the holder, using the following procedure, may disclose information about the loan to credit bureau organizations after the holder has attempted to collect the debt from me. If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organizations. If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address. The holder must provide information on the repayment status of this loan to any credit bureau organization at my request. If not otherwise prohibited by law, the holder may disclose information about the status of this loan to any credit bureau organization.

**GENERAL**   The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must inform me of the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

| Cheryl P. Charles | 446 Jennings Hall, Univ. of Fla. 32611 | 8/27/84 |
|---|---|---|
| SIGNATURE OF BORROWER | ADDRESS | DATE |

AUG 31 1984

| NAME OF CO-SIGNER | ADDRESS | 0427 1997 1199 1105 | |
|---|---|---|---|
| SIGNATURE OF CO-SIGNER | | DATE | TELEPHONE |

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (8/82)

| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION KNOTT BUILDING TALLAHASSEE, FLORIDA 32301 | FLORIDA GUARANTEED STUDENT LOAN PROGRAM (20 U.S.C. 1071-1087-2) PROMISSORY NOTE |
|---|---|
| BORROWER'S NAME AND ADDRESS: CHERYL P CHARLES 13 JENNINGS HALL #0446 GAINESVILLE FL 32612 | LENDER'S NAME AND ADDRESS: FLORIDA FEDERAL SAVINGS AND LOAN ASSN P.O. BOX 1509 ST. PETERSBURG, FL 33731  05/01/85    GSLP # 204-0023419 |

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | Amount Financed The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. Prepayment: If you pay off early, you |
|---|---|---|
| Prior to repayment | During repayment | |
| 2.864 % | 8.00 % | $ 706.37 |

- [ ] may  [x] will not   have to pay a penalty.
- [ ] may  [x] will not   be entitled to a refund of part of the finance charge.

See the promissory note for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

Itemization of the Amount Financed of $ 706.37

Loan Amount $ 767.00 Less: Prepaid Finance Charge $ 60.63 Less: Amount Paid To Others On Your Behalf: $ 1.20 Equals: $ 705.17

Includes:
Insurance Premium   $ 22.28
To: FLORIDA DEPT. OF REVENUE
For: DOCUMENTARY STAMP TAX

Origination Fee   $ 38.35
( 5.0 % of Loan Amount)

### DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE INSURANCE PREMIUM | ORIGINATION FEE | AMOUNT FINANCED |
|---|---|---|---|---|---|---|
| | 12/30/85 | 767.00 | 1.20 | 22.28 | 38.35 | 705.17 |

ED-888  5/82

FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF 1.20 HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE. CERTIFICATE OF REGISTRATION #59-0433020-62-01.

### PROMISE TO PAY

I, CHERYL P CHARLES  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 _____, the borrower, promise to pay to
(Name of Borrower)

FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION _____, the lender, or to a subsequent
(Name of Lender)

holder of this Promissory Note, all of the principal sum of $ 767.00 to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of 8.00 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — including attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interest.

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM** If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE** If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed 5.0 percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct from each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to refund to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than 6 months (the "grace period") after I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, during the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions apply to these rules:

FSFAC FORM 2 (8/82)                                     (OVER)



A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my GSLP, Auxiliary and PLUS loans.
C. Any period described as DEFERMENT in this Promissory Note will not be included in determining the 5, 10, and 15 year periods mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document, known as the Repayment Schedule, which the lender will provide to me before the repayment period begins.

**PREPAYMENT**  I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a refund of any unearned interest that I have paid.

**DEFERMENT**  Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in —
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
   B. Full-time study at an Institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am —
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
   B. Serving as a Peace Corps volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
   D. Serving as a full-time volunteer for an organization exempt from taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking, but unable to find, full-time employment in the United States. To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must notify the lender as soon as the condition for which the deferment was granted no longer exists.

**INTEREST**
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for paying the interest on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest during periods described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the principal amount of the loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES**  If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5.00 or 5 percent of the late installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER**  Subject to the conditions set forth in the Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. If this loan is transferred, I hereby assign to the new holder that I had with regard to the original lender, and the new holder has all the rights of the original Promissory Note is not a holder in due course.

**DEFAULT**  If I default on this loan, the lender may declare the entire unpaid amount of this loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following shall be considered a default: My failure to make a payment when it is due, or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH**  If I become totally and permanently disabled or if I die, my obligation to repay this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION**  If I default on this loan, the holder, using the following procedures, may disclose information about the loan to credit bureau organizations after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder may disclose information about the loan to credit bureau organizations.
If the holder does not know my address, the holder may disclose information to any credit bureau organization in order to identify my address.
The holder must provide information on the repayment status of this loan to any credit bureau organization at my request. If not otherwise prohibited by law, the holder may disclose information about the status of this loan to any credit bureau organization.

**GENERAL**  The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other school charges and authorized educational expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

_Cheryl P. Charles_    1403 E. Hatton Street Pensacola, FL    5/6/85
SIGNATURE OF BORROWER            ADDRESS                              DATE

NAME OF CO-SIGNER* (print or type)         ADDRESS

SIGNATURE OF CO-SIGNER                                         DATE                    TELEPHONE

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (8/82)

| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION<br>KNOTT BUILDING<br>TALLAHASSEE, FLORIDA 32301 | FLORIDA GUARANTEED STUDENT LOAN PROGRAM<br>(20 U.S.C. 1071-1087-2)<br>PROMISSORY NOTE |
|---|---|
| BORROWER'S NAME AND ADDRESS:<br>CHERYL P CHARLES<br>13 JENNINGS HALL #0446<br>GAINESVILLE FL<br>32612 | LENDER'S NAME AND ADDRESS:<br>FLORIDA FEDERAL SAVINGS AND LOAN ASSN<br>P. O. BOX 1509<br>ST. PETERSBURG, FL  33731<br><br>05/01/85                          GSLP # 204-0023419 |



| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you |

|  | Prior to repayment | During repayment |
|---|---|---|
|  | 2.614 % | 8.00 % |

☐ may  ☒ will not   have to pay a penalty.

☐ may  ☒ will not   be entitled to a refund of part of the finance charge.

$ 704.74   See the promissory note for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

Itemization of the Amount Financed of $ 704.74          Amount Paid to You

Loan Amount $ 768.00  Less: Prepaid Finance Charges  Less: Amount Paid To $ 1.20  Equals: $ 703.54
Includes:                                                    Others On Your Behalf:
Insurance Premium                                            To: FLORIDA DEPT. OF REVENUE
                                                             For: DOCUMENTARY STAMP TAX
Origination Fee     $  38.40
( 5.0 % of Loan Amount)

### DISBURSEMENT SCHEDULE

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE ||  AMOUNT FINANCED |
|---|---|---|---|---|---|---|
|  |  |  |  | INSURANCE PREMIUM | ORIGINATION FEE |  |
|  | 08/01/85 | 768.00 | 1.20 | 24.86 | 38.40 | 703.54 |

ED-888  5/82

FLORIDA DOCUMENTARY STAMP TAX REQUIRED BY LAW IN THE AMOUNT OF 1.20 HAS BEEN PAID OR WILL BE PAID DIRECTLY TO THE DEPARTMENT OF REVENUE. CERTIFICATE OF REGISTRATION #59-0433020-62-01.

### PROMISE TO PAY

I, CHERYL P CHARLES       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                                                   , the borrower, promise to pay to
(Name of Borrower)
FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION                                            , the lender, or to a subsequent
(Name of Lender)

holder of this Promissory Note, all of the principal sum of $ 768.00 to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of 8.00 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — including attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interest.

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**  If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE**  If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed 5.0 percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct from each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to refund to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than 6 months (the "grace period") after I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, during the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

FSFAC FORM 2 (8/82)                        (OVER)



A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my — or our — GSLP, Auxiliary and PLUS loans.
C. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10, and 15 year periods above.
3. The particular terms and conditions of repayment that apply to me will be set forth by the lender in a separate document known as a repayment schedule, which the lender will provide to me before the repayment period begins.

**PREPAYMENT**   I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**DEFERMENT**   Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in —
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am —
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
   B. Serving as a Peace Corps volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding 12 months while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment, I must provide the lender with reliable evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**INTEREST**
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES**   If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5.00 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER**   Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender...

**DEFAULT**   If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due, or to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY PROVISION**   If I become totally and permanently disabled, or if I die, my obligation to repay this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION**   If I default on this loan, the holder, using the following procedures, may disclose information about the loan to credit bureau organizations after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume repayment. If I do not begin or resume repayment within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organizations.
If the holder does not know my address, the holder may disclose information about the loan to any credit bureau organization.
The holder must provide information on the repayment status of this loan to any credit bureau organization upon request. If not otherwise prohibited by law, the holder may disclose information about the status of this loan to any credit bureau.

**GENERAL**   The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that govern the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan solely for tuition and other reasonable and authorized educational expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

_Cheryl P. Charles_       1403 E Hatton St Pensacola, FL 32583   5/6/85
SIGNATURE OF BORROWER            ADDRESS                              DATE

NAME OF CO-SIGNER* (print or type)     ADDRESS

SIGNATURE OF CO-SIGNER                 DATE                    TELEPHONE

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (8/82)

# FLORIDA APPLICATION/PROMISSORY NOTE FOR A STUDENT LOAN AND LOAN GUARANTEE

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1087-4

## SECTION I – TO BE COMPLETED BY THE STUDENT – READ THE INSTRUCTIONS

1. Social Security Number: 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
2. Last Name (Please Print): CHARLES / First: CHERYL / Middle/Maiden: P
3. Birth Date: Mo 6 Day 21 Yr 66
4. Permanent Home Address – Street: 1403 E HATTON ST / City: PENSACOLA / State: FL / Zip Code: 32503
5. Area Code-Phone No. for Item 4: ( ) 0
6. U.S. Citizenship Status: [X] (a) U.S. Citizen
7. Total Number of Borrower's Dependents: 1   List Ages: 10
8. Permanent Resident (State Name): FL
8(a). County Code: 17
9. Intended Enrollment Status: [X] Full Time
10. Major Course of Study: ARTS & SCIENCE
11. While in School, You Intend to Live: [X] On Campus
12. Prior to the academic year for which this loan is requested, have you ever been enrolled in any school beyond the high school level? [X] Yes
13. Requested Loan Amount: $ 2500.00
14. Loan Period: From Mo 08 Yr 85 To Mo 05 Yr 87
15. Have you ever defaulted on an education loan?
16. Do you have any outstanding education loans? [ ] Yes [ ] No

| 17. Name of Lender | City and State of Lender | Phone No. | Type of Program A B C | From | To | Unpaid Balance |
|---|---|---|---|---|---|---|
|  |  | ( ) | A B C | 3 83- | 6 85 | 01500.00 |
|  |  | ( ) | A B C | 4 86- | 5 85 | 02000.00 |
|  |  | ( ) | A B C | – |  | .00 |

18. Name of Parent/Guardian plus Adult Relative: Barbara F Charles / Lorene Smith
Address: 1403 E Hatton St / 1230 W Bobe St
City: Pensacola / Pensacola
State: FL / FL
Zip: 32503 / 32503
Phone Number: 133 8326 / 133 6641
Employer: Chrysler Int / Self

19. Name and Address of Lender Who will Process this Loan: FLORIDA FEDERAL S&L   P.O. BOX 53017   JACKSONVILLE   FL 32201

## SECTION II – TO BE COMPLETED BY THE SCHOOL – INSTRUCTIONS ON REVERSE SIDE OF SCHOOL COPY

20. Name of School: UNIVERSITY OF FLORIDA
21. Address: 111 ANDERSON HALL / City: GAINESVILLE / State: FLORIDA / Zip Code: 32611
22. Loan Period (Mo./Day/Yr.) From 08 26 85 To 05 02 87
23. Borrower's Grade Level: 2
24. Anticipated Graduation Date: Mo 05 Yr 83
25. School Code: 00153
26. Area Code/Phone Number: (904) 392-1212
27. Dependency Status: [X] Independent
27(a). Adjusted Gross Income (See Instructions): $ 0.00
28. Estimated Cost of Attendance: $ 5720.00
29. Estimated Financial Aid: $ 2070.00
29(a). Expected Family Contribution: $ 0.00
30. Difference (Item 28 Less Item 29 and 29(a)): $ 3650.00
31. Academic Status – Cumulative Grade Point Average: 21 of 40

31(a). Beginning Date of Terms Covered by This Application:
| # | Mo | Day | Yr | Recommended Disbursement Amount |
|---|---|---|---|---|
| 1 | 08 | 25 | 85 | $ 1250.00 |
| 2 | 01 | 05 | 87 | $ 1250.00 |
| 3 |  |  |  | $ .00 |
| 4 |  |  |  | $ .00 |
| TOTAL OF DISBURSEMENTS | | | | $ 2500.00 |

32. Signature: Steven A. Thiess / FINANCIAL AID ADMINISTRATOR / Date: JUL 21 1986

## SECTION III – TO BE COMPLETED BY THE LENDER

33. Name of Lending Institution: C/O
34. Address: 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 / 0204-0023419
35. Area Code: 1
Zip Code: 598
Title: 5-52
DAN COUNSELOR  8-21-86

37. Loan Disbursement Date(s):
| # | Mo | Day | Yr | Loan Disbursement Amt |
|---|---|---|---|---|
| 1 | 09 | 03 | 86 | $ 1250.00 |
| 2 | 12 | 09 | 86 | $ 1250.00 |
| 3 |  | 29 |  | $ .00 |
| TOTAL AMOUNT LENDER APPROVES | | | | $ 2500.00 |

38. Length of Grace Period: 6 9 10 11 12
40. Date: 8-4-86

## SECTION IV – PROMISSORY NOTE FOR A GUARANTEED STUDENT LOAN

I. Promise To Pay. I, the undersigned student borrower identified in Section I, Item 2, promise to pay to you or your order when this note becomes due as _____ DOLLARS ($ _____ )

I.A. Requested Loan Amount – Must be the Same as Item 13 or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, III, VI on the other side.) My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN. BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

I.B. Student Borrower Signature: Cheryl S Charles   Date: 

NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side.

FGLP Continuous Form – 1 (3/85)